COMMONWEALTH vs. MICHAEL PURTLE.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, a witness may be asked to state what he did in the defendant's house concerning the finding of intoxicating liquors, without showing that the defendant was present.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, a witness who testified that he had broken jugs and decanters in the defendant's house, cannot be asked on cross-examination whether he ever broke them in other places, or whether he did not assault the defendant's wife on that occasion.

A complaint for keeping intoxicating liquors with intent to sell need not allege that tl e liquors therein mentioned were not imported liquors in the original packages, or where in the Commonwealth the defendant intended to sell them.

COMPLAINT to the police court of Springfield for keeping intoxicating liquor with intent to sell the same in this commonwealth, " not being authorized to sell the same in said commonwealth, for any purpose, under the provisions of " the *St.* of 1855, *c.* 215, " or by any legal authority whatever."

At the trial in the court of common pleas in Hampden before *Morris*, J., a witness for the Commonwealth was asked what he did at the house of the defendant concerning the finding of intoxicating liquors ?    The defendant objected, unless it was shown that he was present.    The court overruled the objection ; and the witness detailed what he did, stating that he found a quantity of intoxicating liquors there in a bar, and some implements and utensils of traffic, destroyed a lot of liquors there, and broke a decanter and jugs, &c., and that he had no warrant.    The defendant objected to this evidence ; but the court admitted it.

The defendant, to satisfy the jury that the witness had feelings of hostility to him, asked the witness, "if he had ever exercised that authority in any other place where he knew liquors were kept for sale."    The district attorney objected ;

and the court sustained the objection, and refused to allow the witness to answer the question.

The defendant then asked the witness " if, in his destruction of liquors at that place, he did not hit the defendant's wife, while breaking any of these articles," stating that he intended to show that the defendant was so carried away and influenced by passion, madness and rage, as not to be a credible witness to what occurred while he was there or to what he did. The district attorney objected ; and the court sustained the objection, and refused to allow the question to be answered.

The defendant, being found guilty, moved in arrest of judgment, because the complaint did not show that the defendant had not a right to keep with intent to sell ; nor that the liquors were not imported and still in the original packages ; nor where in the Commonwealth the defendant intended to sell them. This motion was overruled, and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

MERRICK, J. The objection taken to the interrogatory put to the witness for the government seems to have been founded upon a clear misapprehension of the object and purpose for which it was proposed. The question was not, as is assumed in the argument urged in support of the exceptions, a broad and general inquiry in relation to all which the witness did at the defendant's house, but was special and particular as to what he did there concerning the finding of intoxicating liquors. And it was obviously designed and well adapted to elicit from him a statement of all his discoveries of such liquor, if any were made ; and of the preparations and arrangements which he found, indicative, according to the usual and ordinary course of dealing in such commodities, of an intention presently to dispose of it there by sale. All this was perfectly competent; for the keeping of intoxicating liquor with intent to sell in this commonwealth in violation of law is the precise charge alleged against the defendant in the complaint. And the evidence of these facts, to be educed in answer to this inquiry, had a direct tendency to show his alleged possession of, and his unlawful

intent concerning, such liquor, the proof of which was essential to the maintenance of the prosecution. The testimony of the witness, so far as it was confined to these matters, was legitimate and unobjectionable. What he further added in relation to his own acts in the breaking of jugs and decanters, and in the destruction of liquors, was foreign to the issue and wholly immaterial. If this had no tendency to prove any of the allegations in the complaint, it could on the other hand, as far as we are able to see, have excited no prejudice against the defendant, or have done him any possible harm, for it related not to him but altogether to the acts and conduct of the witness. But if it was really thought to be in any respect material, objection, instead of being urged against the interrogatory, which was correct, should have been taken to this part of the answer, upon which, if it had been done, we may presume that the court would at once have excluded it.

It was equally immaterial whether the witness had ever searched for intoxicating liquor in another place or in the possession of another person, or whether he made, while at the defendant's house, an assault upon his wife ; and therefore the inquiries which it was proposed to make of the witness relative to these matters upon his cross-examination were properly disallowed.

None of the causes assigned in the motion for arrest of judgment are sufficient to justify it. The statute prohibits the keeping of intoxicating liquor with intent to sell it in this commonwealth contrary to the provisions of the act. *St.* 1855, *c.* 215, § 24. The allegations in the complaint are full to this effect ; and it is unnecessary to add the averment, as is insisted by the defendant, that the keeping of liquor for such purpose is unlawful. Nor is it necessary that it should be alleged in the complaint that the liquor charged to have been kept by him was not imported liquor still remaining in the original package in which it was brought into the country. It sufficiently appears that it was not so, from the averment that the defendant was not authorized to sell it in this commonwealth for any purpose or by any legal authority whatever. Such aver-

ments are entirely inapplicable to imported liquors in original packages; for the sale of them, by express exception in the statute, is not forbidden, or made to be in any respect unlawful. § 4. The prohibition being general against the keeping of intoxicating liquors, subject to the exception relative to those imported and remaining in original packages, with intent to sell the same within the Commonwealth, it is unnecessary to add an averment in the complaint relative to the particular place where the accused proposes to carry such intent into execution.

*Exceptions overruled.*